IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff/Respondent, )<br>)<br>v. )<br>)<br>CRISTOBAL CARRERA-ACOSTA, )<br>)<br>Defendant/Movant. )<br>_____) | CR 03-01048 PHX JAT<br>CIV 05-02121 PHX JAT MEA<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE JAMES A. TEILBORG:**

On July 18, 2005, Mr. Cristobal Carrera Acosta ("Movant"), who is incarcerated by the Bureau of Prisons in Mississippi, see Docket No. 35, filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, seeking to vacate his 2003 conviction by the United States District Court for the District of Arizona. Movant seeks relief from of his conviction and sentence, pursuant to a guilty plea, on one count of importation of a controlled substance into the United States in violation of 21 U.S.C. § 952. On October 24, 2005, Respondent filed a Response in Opposition to Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 ("Response").

**I Procedural History**

On September 10, 2003, Movant was charged with one count of importation of a controlled substance into the United States in violation of 21 U.S.C. § 952 and one count of possession of a controlled substance for the purpose of distribution in violation of 21 U.S.C. § 841. See Docket No. 1. Movant waived his right to be charged by indictment on October 7, 2003. See Docket No. 10.

Magistrate Judge Irwin conducted a plea hearing regarding the charges against Movant on October 7, 2003, at which hearing Movant was represented by appointed counsel. See Docket No. 12. At the hearing, pursuant to a lodged plea agreement, Movant pled guilty to one count of importation of a controlled substance into the United States in violation of 21 U.S.C. § 952. See Docket Nos. 12 & 13. Magistrate Judge Irwin ascertained that Movant's guilty plea was knowing and voluntary. See Docket No. 13.

On December 17, 2003, Movant sought to be released from the plea agreement and sought substitution of counsel. See Docket Nos. 16 & 18. On May 3, 2004, the Court granted Movant's motion for substitution of counsel. Docket No. 27. On May 17, 2004, at a hearing at which Plaintiff was represented by retained counsel, the Court sentenced Movant to a term of 51 months imprisonment for violation of 21 U.S.C. § 952 and the Court dismissed the second count filed against Movant, i.e., possession of a controlled substance with the intent to distribute. At that time, Movant withdrew his motion seeking to

withdraw from the plea agreement. <u>See</u> Docket No. 28. Additionally, with regard to Movant's sentence, the Court granted Movant a 2-level adjustment of his base offense level for his acceptance of responsibility, granted Movant a 1-level adjustment of his base offense level for pleading guilty to his crime, and granted Movant an 8-level downward departure from the relevant sentencing range for Movant's provision of assistance to the prosecution. <u>See</u> Docket No. 28.

In his section 2255 petition, Movant asserts that his conviction and sentence must be vacated because he was deprived of his right to the effective assistance of counsel and because the statute referenced in the judgment entered against him contained a typographical error. Respondent contends that the section 2255 petition must be denied and dismissed because it was not timely filed.

**II  Analysis**

Section 2255 provides, inter alia:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from...the date on which the judgment of conviction becomes final.... [or] the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review...

28 U.S.C. § 2255 (1994 & Supp. 2005).

Movant was sentenced on May 17, 2004. <u>See</u> Docket No. 29. The plea agreement signed by Movant waived his right to a direct appeal of his conviction and sentence. Therefore, Movant's conviction and sentence became final ten days later, on

May 27, 2004, when the time for filing a direct appeal of his conviction and sentence expired. See United States v. Schwartz, 274 F.3d 1220, 1223 (9th Cir. 2001); Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004) (concluding that "an unappealed federal criminal judgment becomes final ten days after it is entered"). Pursuant to the provisions of the AEDPA, Movant had until May 28, 2005, to file his section 2255 motion. Because Movant's section 2255 action was not filed until July 18, 2005, it is barred by the applicable statute of limitations.

The one-year deadline imposed by the AEDPA on the filing section 2255 motions is, in effect, a statute of limitations subject to equitable tolling. See United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004). The doctrine of equitable tolling is to be applied sparingly to section 2255 actions, i.e., only if "extraordinary circumstances" beyond the prisoner's control made it impossible for him to file his section 2255 motion prior to the expiration of the time stated in the AEDPA. See id., citing Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003).

Movant does not assert or present extraordinary circumstances beyond his control which made it impossible to file his section 2255 action prior to May 28, 2005.

**III Conclusion**

Movant's section 2255 action was not filed within the time specified by the AEDPA and, therefore, the Court should not consider the merits of the action. Additionally, Movant has not

demonstrated that equitable tolling of the statute of limitations is warranted in his case.

**IT IS THEREFORE RECOMMENDED** that Mr. Carrera-Acosta's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody be **denied**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo appellate consideration of the issues.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir.) (en banc), cert. denied, 124 S. Ct. 238 (2003).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 1st day of December, 2005.

_____
Mark E. Aspey
United States Magistrate Judge

-6-